IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICO DAVID WATSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:13-CV-303-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| GLEN JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court are Defendants' motion to dismiss the complaint (ECF No. 16), as well as Plaintiff's numerous miscellaneous filings (ECF Nos. 10, 17, 21, 23, 24, 25, 30, 31, 34, 35, 37, 38).[1] For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted, and Plaintiff's motions be denied.

## **BACKGROUND**

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brought the above-styled action asserting that the Defendants failed to protect him and denied him adequate medical care with respect to an attack made upon Plaintiff while he was

---

[1] Several documents have been docketed as motions, but not all truly fit that description. The following are pending motions which will be considered herein: a motion for evidentiary hearing (ECF No. 10); a "motion to grant injunctive relief" (ECF No. 21); four motions to appoint counsel (ECF Nos. 24, 31, 34, 38); and a "Motion for Reconsideration" (ECF No. 30). The following documents were docketed as motions, but are more properly described as responses or briefs and are not treated as motions: a "Motion to Grant" (ECF No. 17); a "Request for Equitable Relief" (ECF No. 23); a "Motion to Grant Section 1983 Relief" (ECF No. 25); a "Motion to Grant Equitable Relief" (ECF No. 35); and a "Motion to Grant Redress" (ECF No. 37). To the extent any of these documents present issues for consideration by the Court, the Court's decision to recommend granting Defendants' motion to dismiss renders these "motions" moot, and they are denied as such.

incarcerated at Hancock State Prison ("HSP"). (Compl. 5-6, ECF No. 1.) On preliminary review, the Court construed Plaintiff's claims as asserting violations of his Eighth Amendment right to be free from cruel and unusual punishment as they potentially stated claims of deliberate indifference to a risk of serious harm to Plaintiff and inadequate provision of medical care. (*See* Order, October 3, 2013, ECF No. 7.)

Defendants filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 16.) Plaintiff responded to the motion on December 23, 2013 in a document filed as "Motion to Grant," which the Court construes as his response to the motion to dismiss. (ECF No. 17.)[2] Defendants replied (ECF No. 18)[3], and Plaintiff again responded (ECF No. 19). Defendants' motion is therefore ripe for review.

## DISCUSSION

### I. Motion to Dismiss

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Defs.' Br. in Supp. of Mot. to Dismiss 3-15, ECF No. 16-1.) Defendants argue that even accepting all of Plaintiff's facts as true, he has not shown a violation of the Eighth Amendment sufficient to warrant relief under 42 U.S.C. § 1983. The Court agrees and therefore recommends Defendant's motion be granted.

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007);

---

[2] Hereinafter "Pl.'s Resp."
[3] Hereinafter "Defs.' Reply."

2

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

In his Complaint, Plaintiff makes two separate claims.  The first claim is based upon his placement in the dorm in which the alleged attack took place and allegations that such placement subjected Plaintiff to a substantial risk of harm.  (Compl. 7.)  The second claim is based upon the treatment Plaintiff received for his injuries after he returned to the prison from the hospital.  (Compl. 8.)  Both claims should be dismissed, however, because Plaintiff has brought his claims against these Defendants without alleging in the Complaint any specific acts personally committed by them.[4]  As a theory of vicarious or

---

[4]  Plaintiff has also sued Ricky Myrick, an employee of the Georgia Department of Corrections.  Defendant Myrick is not, however, listed in Plaintiff's claims for relief, and is only mentioned in the Complaint as having denied a disciplinary appeal stemming from the attack.  (Compl. 6.)  This is insufficient to create a cause of action against Defendant Myrick under 42 U.S.C. § 1983, and therefore his motion should be granted.
   Even when the Court considers the allegations raised in Plaintiff's responsive briefs to the

3

supervisory liability is the only conceivable claim Plaintiff alleged in his original Complaint, and since such a theory of liability is insufficient to state a claim under 42 U.S.C. § 1983, his claims must be dismissed. However, in his responsive briefs to the motion, Plaintiff expands upon the facts contained in his Complaint. Although Plaintiff has not sought leave to amend his Complaint, the Court will also consider the allegations contained in his responses as though included in his Complaint and address Defendants' motion accordingly.

A. Failure to Protect Claim

Plaintiff alleges that Defendants violated his Eighth Amendment right against cruel and unusual punishment. It is well settled that prison officials have "a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Although not every injury inflicted by another inmate results from a violation of the Constitution, the Eighth Amendment is violated if a prisoner is seriously injured as a result of a "prison official's 'deliberate indifference' to a substantial risk of serious harm." *Id.* at 828, 834. This requires a showing that the official was "subjectively aware" of and nonetheless disregarded an excessive risk to the inmate's safety. *See id.*

---

motion to dismiss, Defendant Myrick's motion should be granted. Plaintiff only alleges that Defendant Myrick was aware of the assault and "failed to conduct a thorough investigation." (Pl.'s Resp. 3, ECF No. 17.) Even if these facts are taken as true, Plaintiff has not alleged grounds for relief under § 1983 against Defendant Myrick. A state prisoner has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). *See also*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"). Furthermore, a general allegation that a proper investigation was not conducted does not show a violation of the Constitution.

4

Furthermore, the Eleventh Circuit has held that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id*. (citation omitted).

In his first claim, Plaintiff alleges that he was placed in dormitory F-2 on October 26, 2012 and assigned to cell 126. (*Id*. at 5.) Cell 126, however, was already occupied, so he was instructed "by the floor officer" to go to cell 138. (*Id*.)[5] Eighteen days later, Plaintiff was approached in cell 138 by two inmates with sharp objects made into knives. (*Id*.) They demanded that Plaintiff leave the dormitory and Plaintiff refused, so they then attacked him with the weapons, stabbing him in the back of his head multiple times. (*Id*.) Plaintiff was able to wrestle one of the knives away from an attacker and escape the cell, and he thereafter approached one of the guards on duty and was escorted to medical. (*Id*.)

With respect to his first claim, Plaintiff argues that Defendant Johnson violated his constitutional rights by "misrepresenting the fact that each and every inmate is secure in his assigned cell," and Defendant Ivey violated his constitutional rights by "intentionally neglecting to uphold his oath of assuring that inmates remain secure in their assigned dormitory and cell." (Compl. at 7.) Notably, other than in his claims for relief section,

---

[5] Plaintiff does not allege in his original Complaint that any of the individual Defendants personally ordered his placement or even knew about that placement.

Plaintiff's Complaint mentions Defendant Johnson only in reference to his alleged failure to respond to Plaintiff's grievance appeal (*Id*. at 6), and mentions Defendant Ivey only in noting that he was "contacted . . . to observe [Plaintiff's] condition" after Plaintiff's return from the hospital (*Id*. at 5). Neither of these tenuous connections to Plaintiff's claims are grounds for relief under § 1983.

Simply put, Plaintiff's Complaint is devoid of any allegation against the Defendants which would constitute the type of personal participation that the Eleventh Circuit requires for a supervisor to be held liable in a § 1983 action. Without any such allegation, Plaintiff has failed to state a claim against Defendants for constitutional violations, and the motion should be granted. However, as stated above, Plaintiff's responses to the motion contain additional allegations that the Court now considers as though contained in the initial Complaint.

In response to the motion to dismiss, Plaintiff alleges that Defendant Johnson knew he had previously been in a fight with a member of the "Blood's" gang, and knew that the F-2 Dormitory housed around twenty members of that gang, and still "approved" of Plaintiff's assignment in the dormitory even though Plaintiff is not gang-affiliated. (Pl.'s Resp. 2.) He further alleges that Defendant Ivey violated his rights by failing to conduct a random "shakedown" of the dormitory prior to the assault. (*Id*.) Had this shakedown occurred, Plaintiff alleges his injuries would have been prevented.

Even taking Plaintiff's later allegations into consideration, he has failed to state a claim for § 1983 relief. To show deliberate indifference to safety, a Plaintiff must first show that "a condition of his confinement poses an unreasonable risk of serious damage to

6

his [] health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Plaintiff's only allegation to fulfill this prong is that there were a number of members of a particular gang in that dormitory and that Plaintiff is not a member of that gang. This is not sufficient to establish the type of "extreme" condition required by the test. *Id*. Something more specific is required than the general potential for gang-related violence.

Likewise, Plaintiff's allegation that Defendant Ivey should have conducted a random "shakedown" of the dormitory is insufficient to state a claim. A Plaintiff may not make out a claim for deliberate indifference based upon the fact that an incident occurred and allegations that some type of preventative measure may have potentially prevented the incident. The courts "will not allow the advantage of hindsight to determine whether conditions of confinement amounted to 'cruel and unusual' punishment." *Purcell ex rel. Estate of Morgan v. Toombs Cnty, Ga.*, 400 F.3d 1313 (11th Cir. 2005). Consequently, Defendants' motion to dismiss should be granted as to Plaintiff's failure to protect claims.

B.     Inadequate Medical Treatment Claim

In his second claim, Plaintiff alleges that he did not receive proper care and adequate treatment of his injuries after his return from the hospital. (*Id*. at 8.) Plaintiff claims that following his hospital treatment he returned to HSP on November 13, 2012 with a number of stitches, staples, and bandages. (*Id*. at 6.) He states that he received medicine on the 13th and 14th, but was "deprived of medical attention" from the 15th to the 18th. (*Id*.) Plaintiff then alleges that he informed the medical staff that he was in need of new bandages on the 19th, but that they were not changed until the 21st. (*Id*.) Finally, he states that he asked a nurse on November 24th when his stitches and staples

7

would be removed, to which the nurse replied that they "don't do that kind of stuff on holidays." He then states that the stitches and staples were removed on November 27th, "14 days pass[ed] the due date." (*Id.*) This sequence of events, according to Plaintiff, amounts to a failure to "assure that Plaintiff receive[d] proper care and adequate treatment, including medical attention." (*Id.* at 8.)

An Eighth Amendment claim for inadequate medical care requires a showing of acts or omissions sufficiently harmful to establish deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim contains both an objective and subjective component. *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 (2002). Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Hill*, 40 F.3d at 1187.

Once an objectively serious medical need is shown, the deliberate indifference component requires that "the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, 221 F.3d at 1257 (internal punctuation omitted). "Medical treatment violates the Eighth Amendment *only* when it is 'so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991) (internal citations omitted).

Again, Plaintiff has not alleged any specific actions that Defendants personally took which amount to a constitutional violation. Plaintiff's relief section in his Complaint seeks compensation from Defendant Peal "for refusing to assure that Plaintiff receive[d] proper care and adequate treatment," (Compl. 8) but Plaintiff only mentions Defendant Peal where he states that Defendant Peal denied his grievance (*Id*. at 6). This, by itself, is insufficient to state a claim against Defendant Peal for inadequate medical care. Plaintiff does not allege that Defendant Peal knew about Plaintiff's injuries or his attempts to seek care, or that Defendant Peal had any ability to provide Plaintiff with the care he desired. Defendants' motion should thus also be granted on this claim.

Furthermore, Plaintiff has not established that he was harmed in any way by the allegedly inadequate care he received. Plaintiff does not point to any medical issues caused or exacerbated by the care he received. He only states that he was bleeding through his bandages. (Pl.'s Resp. 2.) Plaintiff also argues that the removal of his stitches and staples was two weeks passed the due date, but his own timeline shows that they were removed exactly two weeks after the staples and stitches were applied to Plaintiff's injuries. The Court finds that Plaintiff has not established any harm. "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the

9

constitutional rights that the defendant violated." *Slicker v. Jackson,* 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis in original).

For all the reasons stated above, Defendants' motion to dismiss (ECF No. 16) should be granted and Plaintiff's claims dismissed.

## II. Plaintiff's Miscellaneous Motions

### A. Motion for an Evidentiary Hearing

Plaintiff has moved for an evidentiary hearing. (ECF No. 10.) Because the Court finds herein that Plaintiff's complaint fails to state a claim upon which relief can be granted, there is no need to hear testimony or take evidence. Plaintiff's motion is denied.

### B. Plaintiff's "Motion to Grant Injunctive § 1983 Relief"

On January 24, 2014, Plaintiff filed a motion (ECF No. 21) docketed as a "Motion to Grant Injunctive Relief." That filing is similar to Plaintiff's other filings that the Court has treated herein as briefs rather than motions, but because Plaintiff ostensibly seeks injunctive relief the Court will consider it as a motion for a preliminary injunction. A preliminary injunction is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). Because the Court finds that Plaintiff's claims should be

10

dismissed, he cannot meet the requirement of substantial likelihood of success on the merits. Therefore, it is recommended that Plaintiff's motion be denied.

C. Plaintiff's Motions to Appoint Counsel

Plaintiff has filed four documents seeking appointment of counsel. (ECF Nos. 24, 31, 34, 38.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motions for appointment of counsel are denied.[6]

D. Plaintiff's Motion for Reconsideration

Plaintiff has also filed a motion for reconsideration. (ECF No. 31.) Plaintiff's motion, however, does not specify what decision of the Court that Plaintiff wants reconsidered. The motion merely states that Plaintiff attempted to obtain a medical

---

[6] Plaintiff's fourth motion regarding appointment of counsel asks the Court to provide Plaintiff with the name and address of an attorney who may assist Plaintiff in his case on a pro bono basis. (ECF No. 38.) Because the Court finds that Plaintiff is not entitled to appointed representation, it is the Plaintiff's responsibility to find his own attorney.

record.  (Pl.'s Mot. for Recons. 1.)  The Court presumes that Plaintiff is referring to the "Notice of Authorization of Release of Information" (ECF No. 26) which Plaintiff filed on February 21, 2014, and which appears to be a handwritten release form authorizing the release of Plaintiff's medical record to the U.S. District Court.  The Court did not receive any medical records or seek to obtain any medical records in this case because the Court does not engage in such evidence-gathering but instead relies on the parties to submit evidence to the Court.  Therefore no decision was made regarding the notice filed by Plaintiff and there is nothing to reconsider.  Plaintiff's motion is denied.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendants' motion to dismiss the complaint (ECF No. 16) be GRANTED.  It is further RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 21) be DENIED.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.  Furthermore, Plaintiff's other miscellaneous motions (ECF Nos. 10, 17, 23, 24, 25, 30, 31, 34, 35, 37, 38) are DENIED.

SO RECOMMENDED, this 12th day of August, 2014.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE